UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABRAHAM H. BREIER, JOSHUA LIEBERMAN, and CONG. KHAL CHASIDIM,<br><br>*Petitioners*<br><br>*v.*<br><br>CONG. CASA GRANDE and YEHOSHIA RUBIN<br><br>*Respondents.* | **Civ. No. 25-cv-9941**<br><br>**PETITION TO COMPEL ARBITRATION** |

Petitioners Abraham H. Breier ("Breier"), Joshua Lieberman ("Lieberman"), and Cong. Khal Chasidim ("Khal") (collectively, "Petitioners"), by their attorneys Gulko Schwed LLP, as and for their Petition to Compel Arbitration against Respondents Cong. Casa Grande and Yehoshia Rubin (collectively, "Respondents"), allege as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the Constitution, laws or treaties of the United States, as it concerns arbitration under the Federal Arbitration Act, 9 U.S.C. §§ 2 *et seq.* (the "FAA") to compel arbitration of claims asserted in *Cong. Casa Grande v. Abraham Breier et al.,* 25-cv-2788 (D. Ariz. 2025), including claims arising under the Lanham Act.

2. This Court has personal jurisdiction over Respondents, in that Respondents agreed to arbitrate in New York.

3. Venue is proper in this judicial district because, pursuant to 9 U.S.C. § 4, a party should bring a petition to compel arbitration in the district where the parties agreed to arbitrate any

1

disputes between them. The parties agreed to arbitrate their dispute in an arbitration tribunal located in the Southern District of New York.

## THE PARTIES

4. Petitioner Khal is an Arizona nonprofit corporation which serves as a synagogue.

5. Petitioner Lieberman resides in Casa Grande, Arizona, and is Khal's secretary.

6. Petitioner Breier resides in Brooklyn, and is active in Khal.

7. Respondent Cong. Casa Grande is an Arizona nonprofit corporation, and Respondent Rubin is one of its directors.

## FACTUAL BACKGROUND

8. This petition arises from one of several lawsuits stemming from communal disputes within the Hasidic Jewish community of Casa Grande, Arizona. *See e.g. Cong. Casa Grande v. Lefkowitz et al.,* 24-cv-7752 (E.D.N.Y. 2024).[1] Although the Hasidic community in Casa Grande was only formed in 2020, since the spring of 2024, it has been riven with disputes about the governance and administration of its synagogues, study halls, and ritual baths.

9. This Petition seeks to compel arbitration of one of those disputes, which Respondents have filed as a lawsuit captioned *Cong. Casa Grande v. Abraham Breier et al.*, 25-cv-2788 (D. Ariz. 2025) (the "Arizona Complaint"), notwithstanding their agreement to arbitrate the dispute.

### A. THE ARIZONA LAWSUIT

10. In the Arizona Complaint, Respondent Cong. Casa Grande alleges that it was founded by a "visionary" leader named Yehoishia Rubin. Arizona Complaint ¶ 9.[2] It further alleges

---

[1] This New York action is currently being arbitrated before a religious arbitration tribunal named the Beth Din of America.
[2] The Arizona Complaint is attached as Exhibit 2 to the Declaration of Abraham Breier dated December 1, 2025 ("Breier Decl.").

2

that the names "Khal Chasidim of Casa Grande" and "Congregation Khal Chasidim" and the associated logo became well-established and synonymous with Respondents in the Hasidic community throughout the United States. *See id.* ¶¶13-14.

11. In early 2023, Breier and Lieberman allegedly decided to open a competing synagogue, using the name "Cong. Khal Chasidim," a name similar to Respondents' "Congregation Khal Chasidim." *Id.* ¶¶ 18-20. Respondents allege that Petitioners used this new congregation to mislead donors and funnel donations from Respondents' synagogue to their own. *Id.* ¶¶ 34-35.

12. On the basis of these allegations, the Arizona Complaint asserts claims for: (I) Lanham Act False Designation of Origin, 15 U.S.C. § 1125(a)(1)(A) (¶48-64); (II) Lanham Act False Advertising, 15 U.S.C. § 1125(a)(1)(B) (¶65-79); (III) Arizona Unlawful Acts or Practices, Ariz. Rev. Stat. § 44-6561 (¶80-88); (IV) Tortious Interference with Prospective Business Advantage (¶89-93); (V) Unfair Competition Under Arizona Law (¶94-109); (VI) Conversion and Civil Theft (¶110-116); (VII) Civil Conspiracy (¶117-120); (VIII) Breach of Fiduciary Duty (¶121-129); (IX) Aiding and Abetting Breach of Fiduciary Duties (¶130-133); and (X) Unjust Enrichment (alternative) (¶134-138). Respondent seeks damages of at least $500,000, punitive damages of at least $1 million, accounting and disgorgement, injunctive relief, and attorney's fees. (¶139).

### B. THE *BETH DIN* ARBITRATION PROCESS

13. To understand the formation of the arbitration agreement in this case, it is essential to understand the *beth din* arbitration process within Orthodox Jewish communities. *See* Declaration of Professor Michael J. Broyde ("Broyde Decl."). A *beth din* (literally "house of judgment") is a rabbinical court that resolves disputes according to Jewish law. Broyde Decl. ¶ 9.

For Orthodox Jews, resort to a *beth din* to resolve commercial and religious disputes is considered religiously obligatory in many circumstances. *Id.* ¶ 10.

14.     The *beth din* arbitration process typically begins when one party sends a *hazmana*—a summons or invitation to participate in rabbinical arbitration—to another party. *Id.* ¶ 11. The *hazmana* identifies the dispute, names the specific *beth din* before which the party requests arbitration, and invites the recipient to participate in the arbitration process. *Id.* ¶ 12. The recipient may respond in several ways: accepting the *hazmana* and agreeing to arbitrate before the designated *beth din*; proposing an alternative *beth din*; or refusing to participate in the beth din arbitration process altogether. *Id.* ¶ 13.

15.     Parties in *beth din* proceedings are often represented by advocates known as "to'anim" (singular: "to'en"). *Id.* at ¶ 18. A to'en is an advocate who specializes in representing parties before rabbinical courts and function similarly to attorneys in civil litigation. *Id.* ¶ 19. Importantly, a to'en acts as the agent of the party he or she represents. *Id.* ¶ 20. When a to'en communicates with the *beth din*, submits documents, makes procedural requests, or engages in settlement discussions, these actions are attributed to the party as if the party had taken them directly.

16.     When parties agree to arbitrate before a *beth din*, that tribunal functions as an arbitration panel under secular law. *Id.* ¶ 14. The *beth din* hears evidence, applies Jewish legal principles to resolve the dispute, and issues a binding decision called a *psak din*. *Id.* ¶ 15. This process mirrors secular arbitration in that the parties voluntarily submit their dispute to a neutral decision-maker whose determination they agree to accept as binding. *Id.* ¶ 16. Courts regularly recognize *beth din* proceedings as valid arbitration, routinely enforce agreements to arbitrate before rabbinical courts and confirm *beth din* awards as arbitration decisions. *Id.* ¶ 17.

### C. RESPONDENTS AND BREIER AGREED TO ARBITRATE THIS DISPUTE BEFORE A *BETH DIN*

17. On April 23, 2025, Respondents, through its founder and director Rubin,[3] initiated the arbitration process by sending Breier a *hazmana* (summons) inviting him to arbitrate their dispute before a *beth din* located in Israel named "Shaarei Mishpot." *See* Declaration of Abraham Breier ("Breier Decl.") ¶¶ 2-3, Ex. 1.

18. The *hazmana* identified the specific disputes that would be subject to arbitration: (i) the alleged theft of the business name "Kehal Chasidim," which forms the basis of Counts I-V and VIII-IX of Respondent's Arizona Complaint, (ii) the theft of charitable funds, which forms the basis of Counts VI, VII and X and (iii) defamation of Respondent Rubin. *Id.* ¶ 4.

19. On April 28, 2025, Breier responded by agreeing to arbitrate this dispute before a *beth din*, but suggested an alternate tribunal, "Mishpetei Tzedek of Square," located in Rockland County. *Id.* ¶ 5.

20. On April 29, 2025, Respondents' agent agreed with Breier's choice of forum and agreed to arbitrate before "Mishpetei Tzedek of Square." Breier Decl. ¶ 6. Specifically, a Rabbi Weitzberg, who was acting as Respondents' rabbinical court attorney, wrote to the rabbinical court Mishpetei Tzedek stating "since the defendant has chosen to litigate before your Rabbinical Court, please propose dates." *Id.* ¶ 7.

21. The rabbinical court Mishpetei Tzedek responded on or about April 30, 2025, and provided three dates when it was available to hear the dispute. *Id.* ¶ 9. On the same day, April 30,

---

[3] Aside for his defamation claim, Rubin was acting in his capacity as a director of Cong. Casa Grande when he issued the hazmana (summons). *See* Arizona Complaint ¶ 1, fn. 1. Respondent's Arizona Complaint alleges that Cong. Casa Grande, not Rubin individually, owns the trade name "Khal Chasidim" at issue in this lawsuit. *Id.* ¶¶ 11, 3-16 ("Congregation Khal Chasidim" . . . became well-established in the Hassidic community in the United States, and indeed synonymous with Plaintiff who is the rightful owner of the Name.") Rubin would have no individual standing to bring claims for misappropriation of a trade name owned by the congregation.

5

2025, Rabbi Weitzberg, responded stating: "May 6th, 2025 is acceptable on our side if it is possible to begin the hearing in the morning." *Id.* ¶ 10.

22. The parties thereafter continued to discuss scheduling and the selection of the particular arbitrators for the arbitration hearing before Mishpetei Tzedek of Square. *Id.* ¶ 11. However, Respondents, through their rabbinical court attorney, subsequently refused to commit to a specific date for the arbitration hearing, despite having agreed to arbitrate the dispute before the Mishpetei Tzedek rabbinical court. *Id.* ¶ 12. On August 5, 2025, Respondents initiated the Arizona Lawsuit. *Id.* ¶ 13.

### D. RESPONDENTS AND LIEBERMAN AGREED TO ARBITRATE THIS DISPUTE BEFORE A *BETH DIN*

23. On April 23, 2025, Respondents, through its founder and director Rubin,[4] initiated an arbitration process against Lieberman by sending Lieberman a *hazmana* (summons) inviting him to arbitrate their dispute before a *beth din* in Israel named "Shaarei Mishpot." Declaration of Joshua Lieberman dated December 1, 2025 ¶¶ 2-3, Ex. 1. ("Lieberman Decl.").

24. The *hazmana* identified the specific disputes that would be subject to arbitration: (i) the alleged theft of the business name "Kehal Chasidim," which forms the basis of Counts I-V and VIII-IX of Respondent's Arizona Complaint, (ii) the theft of charitable funds, which forms the basis of Counts VI-VII, and X and (iii) defamation of Respondent Rubin. *Id.* ¶ 4.

25. On April 28, 2025, Lieberman responded to the *hazmana* by agreeing to arbitrate his dispute before a *beth din*, but suggested an alternate tribunal, "Mishpetei Tzedek of Square," located in Rockland County. *Id.* ¶ 5.

---

[4] Aside for his defamation claim, Rubin was acting in his capacity as a director of Cong. Casa Grande when he issued the *hazmana*. *See supra*, FN. 3.

6

26. The following day, on April 29, 2025, Rabbi Weitzberg, acting as Respondents' rabbinical court attorney, expressed Respondents' agreement to arbitrate the dispute before a *beth din*, but asked Lieberman to "please propose three Rabbinical Courts as is customary." *Id.* ¶ 8.

27. On May 1, 2025, Rabbi Weitzberg asked the original *beth din*, "Shaarei Mishpot," to issue a second summons, which they did on May 14, 2025. *Id.* ¶ 9. The second summons expanded on the claims in the first summons, asserting claims for copyright, trademark, theft of charitable funds and defamation. *Id.* ¶ 10.

28. On May 20, 2025, Lieberman's rabbinical court attorney provided a list of three *beth din*s: (1) Mishpetei Tzedek of Square, located in Rockland County, (2) Machon LeHora'ah, located in Rockland County, and (3) Rabbinical Court Tzedek U'Mishpat, located in Brooklyn, *id.* ¶ 14, but Rabbi Weitzberg did not agree with those choices. *Id.* ¶ 14.

## RELIEF REQUESTED

29. Respondents and Petitioner Abraham Breier formed a valid agreement to arbitrate the claims asserted in the Arizona Lawsuit before the *beth din* Mishpetei Tzedek of Square in Rockland County, New York.

30. Respondents and Petitioner Joshua Lieberman formed a valid agreement to arbitrate the claims asserted in the Arizona Lawsuit before a beth din. Because the parties have not agreed on which beth din will preside over the arbitration, pursuant to Section 5 of the Federal Arbitration Act, the Court should designate and appoint the beth din of Mishpetei Tzedek of Square to hear the arbitration.

31. Under the doctrine of equitable estoppel, Petitioner Cong. Khal Chasidim may enforce the arbitration agreements because the claims against all Petitioners are intertwined and

7

arise from identical allegations of wrongdoing, and because Lieberman is Khal's Secretary and is being sued for acts taken in that official capacity.

32. Petitioners respectfully request that the Court enter an order compelling Respondents to arbitrate all claims in the Arizona Lawsuit before the beth din of Mishpetei Tzedek of Square, and that Petitioners be awarded the costs and attorneys' fees incurred in making this Petition.

33. No previous application has been made to this Court or any other Court or Judge for the relief sought herein.

**WHEREFORE**, Petitioners pray in accordance with the provisions of the Federal Arbitration Act, that this Honorable Court enter an Order:

(1) directing that Respondents Cong. Casa Grande and Yehoshia Rubin proceed with arbitration against Petitioners before the beth din of Mishpetei Tzedek of Square in Rockland County, New York, in accordance with the arbitration agreements formed with Petitioners Breier and Lieberman;

(2) awarding Petitioners the costs and attorneys' fees for this Petition and such other and further or different relief as the court may deem just and proper in the circumstances.

Dated: December 1, 2025.

                                           **GULKO SCHWED LLP**

                                           By:  /s/ Samuel Kadosh
                                           **Samuel Kadosh**

                                           525 Chestnut Street, Suite 209
                                           Cedarhurst, New York 11516
                                           Tel: (212) 500-1312
                                           Email: skadosh@gulkoschwed.com

                                           *Attorneys for Petitioners*